ICELESS ICE BOX CO. v. MITCHELL et al.

(Circuit Court of Appeals, Sixth Circuit. February 20, 1917.)

No. 2877.

PATENTS ☞328—VALIDITY—WINDOW COOLING BOX.
 The Morse & Lucas patent, No. 906,545, for improvements in adjustable cooling boxes, intended for use in windows, is void for lack of novelty and invention.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; John H. Clarke, Judge.

Suit in equity by the Iceless Ice Box Company against George F. Mitchell and Harry W. Mitchell, partners as G. F. Mitchell & Son. Decree for defendants, and complainant appeals. Affirmed.

Wm. R. Miller, of Cleveland, Ohio, for appellant.
Karl Fenning, of Cleveland, Ohio, for appellees.

Before WARRINGTON and KNAPPEN, Circuit Judges, and EVANS, District Judge.

EVANS, District Judge. The appellant (who will be called the "plaintiff") brought this action in the court below, charging that the appellees (who will be called the "defendants") had infringed letters patent No. 906,545, upon certain improvements in adjustable cooling boxes, which had been granted on December 15, 1908, to John F. Morse and Morand D. Lucas, and by them subsequently assigned to plaintiff.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The bill contained the usual prayers for an injunction and an accounting.

It was conceded at the hearing that only the first three claims of the patent were involved. They are as follows:

"1. A device of the class described comprising two parts which combined form the required inclosure, said parts being movable relatively to each other so as to render the structure capable of lateral adjustment to fit within the casing of windows of various widths, each such strip provided upon its end with a vertical strip adapted to seat in the outer sash groove.

"2. A device of the class described comprising two sections movable relatively to each other and together capable of forming the required enclosure, the roof of each section being formed with part only of one edge extending beyond the adjacent vertical plane of the structure, such edge being parallel with the direction of adjusting movement and adjacent to an open side of the section.

"3. A device of the class described comprising two sections movable relatively to each other and together forming the required enclosure, the roof of each section being formed with a part only of one edge extending beyond the adjacent vertical plane of the structure, such edge being parallel with the direction of adjusting movement and adjacent to an open side of the section, such projecting portions engaging each other to secure the two sections to each other at such edge."

One of the drawings embraced in the patent, and which will adequately illustrate the characteristics of plaintiff's alleged improvements, is here inserted:

Reduced to plain language, it may be enough to say that the patent is for improvements upon an adjustable cooling box intended to project from windows of various widths. When the box is in place, the lower part of the window forms the side next to the room. To accomplish its objects, the box is in two parts, which, being movable one within the other, are so combined as to make a box capable of lateral adjustments to fit the casings of windows of different widths. Each part of the box has, near the front edge and upon the outside of the respective end walls, a vertical strip adapted to seat in the outer sash groove. The roof of each section of the box is formed with part only of its front edge extending beyond the front of the box, and which edge is parallel with the bottom of the window and near the open side of the box. The roof of each section of the box is formed with part of one edge extending beyond the side of the box, this edge

also being parallel with the bottom of the window and near the open side of the section of the box, such projecting portions engaging each other so as to secure the two sections of the box to each other. In other words, the improvements covered by the three claims referred to appear to consist: (1) Of vertical strips at the ends of the box; (2) of a roof formed with part only of one edge extending beyond the side of the box and parallel with the bottom of the window; and (3) of a roof with part of the edge extending beyond the side of the box, parallel with the bottom of the window and near the open side of the section—the projecting portions engaging each other to secure the two sections to each other at the edge.

The defendant, among other things, insisted that neither novelty nor invention was established. The testimony covered every phase of the case, and included much of the prior art. The court below held that the patent was void for want alike of novelty and of invention.

We have carefully considered the record, and, while giving due consideration to any and every presumption that may arise from the action of the Patent Office, we are nevertheless clearly of the opinion that the conclusion of the court below was correct, because there was an absence both of invention and of novelty.

Its judgment is, accordingly, affirmed. The appellees will recover their costs.